

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. Cr.-05-379 (RWR) |
| | : | |
| v. | : | |
| | : | |
| ISRAEL PEREZ-MENDOZA | : | VIOLATION: |
| also known as Daniel Losano Gonzalez, | : | |
| | : | 8 U.S.C. § 1326(a) and (b)(2) |
| | : | (Unlawful Reentry of a |
| | : | Removed Alien after Conviction |
| | : | for an Aggravated Felony) |
| Defendant. | : | |
| | : | UNDER SEAL |

FILED

NOV 3 - 2005

NANCY MAYER-WHITTINGTON, CLERK
U.S. DISTRICT COURT

### FACTUAL PROFFER IN SUPPORT OF GUILTY PLEA

1.      The defendant, Israel Perez-Mendoza a/k/a/Daniel Losano Gonzales is a native and citizen of Mexico who previously has been deported from the United States, and who entered and is present in the United States unlawfully without applying for the express consent of the Attorney General of the United States or the Secretary of Homeland Security.

2.      On or about November 5, 1999, the defendant was convicted in Prince Georges County, Maryland Circuit Court for two counts of Second Degree Assault. He was sentenced to ten years incarceration for each count, with all but two hundred three days suspended.

3.      On or about November 8, 1999, in Price Georges County, Maryland, the defendant was arrested by agents of the Immigration and Naturalization Service ("INS") for entering the United States without being admitted or paroled by an Immigration Officer. The defendant was then fingerprinted, photographed, and placed into deportation proceedings.

4.      On or about January 27, 2000, at Baltimore, Maryland, the defendant was administratively ordered deported from the United States by an INS District Director.

Rev. 1/18/05 daj

5.      On or about February 8, 2000, at Loredo, Texas, the defendant affixed a print of his right index finger to an "I-205", Warrant of Deportation form. At the time, the defendant was warned that he could not re-enter the United States, at any time, without the express consent of the Attorney General of the United States.  The defendant was then deported to Mexico by an INS Detention Enforcement Officer, who witnessed his departure.

6.      On or about October 4, 2002, the defendant was found in Prince Georges County, Maryland, in the District of Maryland.  The defendant was then arrested by INS agents for entering the United States without being admitted or paroled by and Immigration Officer.  He was fingerprinted, photographed, and placed into deportation proceedings.

7.      On or about April 22, 2003, the defendant was convicted in United States District Court, District of Maryland, for Unauthorized Reentry of a Deported Felon After Conviction for an Aggravated Felony.

8.      On or about February 3, 2004, at Brownsville, Texas, the defendant affixed a print of his right index finger to an "I-205", Warrant of Deportation form. At the time, the defendant was officially warned that he could not re-enter the United States, at any time, without the express consent of the Secretary of the Department of Homeland Security.  The defendant was then deported to Mexico by an INS Detention Enforcement Officer, who witnessed his departure.

9.      On or about February 15, 2005, the defendant was found at the Superior Court Courthouse, in the District of Columbia, and was arrested for entering the United States without being admitted or paroled by an Immigration Officer. The defendant was fingerprinted, photographed, and placed into deportation proceedings at that time.

10.     On or about February 25, 2005, the fingerprints taken of the defendant on February 15, 2005, were submitted to the FBI's ICE Forensic Document Laboratory, for comparison with the

Rev. 1/18/05 daj

fingerprints taken on October 4, 2002, referred to in paragraph 6 above, and for comparison to the fingerprints affixed to the Warrants of Deportation referred to above. These fingerprints matched each other, which establishes that they were all taken from the same person, that is, the defendant.

11.    On or about March 24, 2005, an ICE agent reviewed records maintained by ICE and found no record that the defendant had applied for permission from the Attorney General or the Secretary of Homeland Security, or his delegate, to reenter the United States.

12.    On or about March 31, 2005, an FBI ICE agent submitted the fingerprints taken from the defendant on February 15, 2002, to the FBI Special Processing Center for comparison to their records. On March 31, 2005, the FBI advised that these fingerprints matched each other, which establishes that they were all taken from the same person, that is, the defendant.

<u>DEFENDANT'S ACCEPTANCE</u>

I have read the Proffer of Evidence setting forth the facts as to my participation in Illegal Reentry after Conviction for an Aggravated Felony in violation of 8 U.S.C.§§1326(a) and (b)(2). I have discussed this proffer fully with my attorney, Joanne Roney Hepworth, Esquire. I fully understand this proffer and I acknowledge its truthfulness, agree to it and accept it without reservation. I do this voluntarily and of my own free will. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this proffer fully.


Date: _10 - 11-2005_          _Israel Perez M._____
                              ISRAEL PEREZ-MENDOZA a/k/a/ DANIEL GONZALEZ
                              Defendant


<u>ATTORNEY'S ACKNOWLEDGMENT</u>

I have read each of the pages constituting the government's proffer of evidence as to my client's participation in Illegal Reentry after Conviction for an Aggravated Felony in violation of 8 U.S.C.§§1326(a) and (b)(2). I have reviewed the entire proffer with my client and have discussed it with him fully.


Date: _10 - 11 - 2005_          _Joanne R. Hepworth_____
                                JOANNE RONEY HEPWORTH
                                Attorney for the Defendant