UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| | * | |
| | * | |
| V. | * | CR.NO. 05-379(RWR) |
| | * | **UNDER SEAL** |
| ISRAEL PEREZ-MENDOZA | * | |
| Defendant | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**DEFENDANT'S MEMORANDUM
IN AID OF SENTENCING**

Defendant Israel Perez-Mendoza, by and through his attorney, Joanne Roney Hepworth, respectfully asks the Court to sentence him to time served, a sentence sufficient but not greater than necessary to comply with 18 USC 3553(a)(2), giving him consideration for immediate and extensive cooperation with the United States. We submit the following points and authorities in support of his position:

**I. Relevant Facts & Background Information.**

Defendant Perez-Mendoza came to the United States as a 6 year old child with his mother and father.   He is a citizen of Mexico who has resided in the State of Maryland with his parents for most of his life.  He attended school in suburban Maryland but dropped out in the tenth grade.  The only life he has really ever known has been in the United States.

Mr. Perez-Mendoza concedes that he began hanging around with the wrong crowd after dropping out of school. He began getting into trouble with the police. At the age of seventeen he was arrested and charged with multiple counts of assault stemming from an incident involving an altercation with some teenagers.  The initial charges included  allegations of first degree assault and  the use of a firearm.  Allegations he adamantly denied.

1

After serving eight months in jail asserting his innocence of the charges, Mr. Perez-Mendoza agreed to a plea worked out by his attorney and the State based on the agreed facts that while confronting a group of teens he reached in his waistband acting as if he had a gun and scared the group away. No gun was ever recovered and all of the first degree assault charges were dropped by the State as were the weapons counts. Mr. Perez-Mendoza pled guilty to two counts of Second Degree Assault, the Maryland codification of common law simple assault.

Based on the representations of his attorney and the agreement of the State's Attorney, Mr. Perez-Mendoza expected to be released and go home to his family following his being sentenced to time served. This was not to be, as he was never released but immediately detained by Immigration and deported to Mexico where he had never lived as an adult and where he had no known family or friends. Mr. Perez-Mendoza stayed in Mexico for over a year but eventually his longing for his mother and the American life he had known drew him back across the border.

He was eventually arrested again in Maryland and charged in federal court with Unauthorized Reentry Of A Deported Alien After Conviction For An Aggravated Felony. The aggravated felony predicate offense was Two Counts of Second Degree Assault, the same as that in the instant offense:. The United States Attorney for the District of Maryland extended a plea to the defendant which stipulated in pertinent part "(1)The parties agree and stipulate the offense carries a Base offense level of 8 pursuant to USSG § 2L1.2 (2)the parties further agree and stipulate that the offense level is **increased by 8 levels because the defendant was previously deported after an aggravated felony** pursuant to USSG § 2L1.2(b)(1)(B). In the presentence report for that case the probation office asserted that the underlying charge was a crime of violence as defined under the guidelines and that the 16 level enhancement under USSG 2L1.2(b)(1)(A) should applied. Judge Deborah Chasanow, United States District Court for the District of Maryland, disagreed with this analysis and sentenced the defendant to eighteen months consistent with the guideline range at level 13.[1]

## II. Involvement in the Offense.

After the defendant served his sentence in the United States he was again deported to Mexico. After a short time he left Mexico and returned to the United States in order to be reunited with his mother and extended family. While here this time he became involved with a young woman and has fathered a child. The instant indictment ensued following his arrest on a traffic offense which was dismissed.

---

[1] Allowing a 3 level reduction for acceptance of responsibility.

### III. Cooperation with the Government.

Mr. Perez-Mendoza has shown himself to be gentle, polite, unassuming, and cooperative person throughout the pendency of this matter. While working with counsel, agents and prosecutors he has always been polite, friendly and truthful. While pending the charges in this case he was housed in DC Jail. During this time he was a witness to an attempted drug exchange by codefendants in a major conspiracy case. Immediately upon be questioned by law enforcement Mr, Perez-Mendoza was forthcoming and honest despite the immediate and significant threat to his safety. He was moved to the CTF for his security.

While incarcerated at the Corrections Treatment Facility he has worked in the visiting hall and has expressed his gratitude for the opportunity to work as it has been good for him and has helped to make the more than thirty months since his arrest pass more quickly. He has spent hours debriefing with enforcement agents providing complete and truthful information . As stated by the United States in its Motion for Downward Departure, Mr. Perez-Mendoza has provided the government with substantial assistance.

### IV. Legal Sentencing Options

#### A. Departure from the Sentencing Guidelines

The United States has filed a Motion for Downward Departure advocating both departure from the Sentencing Guidelines and the Statutory Mandatory Minimums due to the defendant's cooperation. In *Melendez v. United States*, 116 S. Ct. 116, 2057 (1996), it was held that where government files motions pursuant to U.S.S.G. 5K1.1 and 18 U.S.C. 3553 (f) a sentence may be imposed both below the guideline range and statutory minimum requirements. Once the motion is filed, the Court has discretion as to whether a departure is to be granted, *United States v. Foster*, 998 F.3d 206, (D.C. Cir, 1993). When both motions are filed, departures to probation are permissible for class A and B felonies, *United States v. Diagai*, 892 F2.d 31, (4th Cir, 1989).

The government suggests a period of incarceration of 36 months in light of the defendant's "substantial assistance". The extent of departure is to be determined by the court regarding the quality of cooperation *United States v. Johnson*, 33 F.3d 8 (5th Cir, 1994). The law requires that each case be given "individualized, case by case consideration as to the extent and quality of cooperation." *United States v. King*, 53 F.3d 589, 590-92, (3d Cir. 1995).

Through the Guidelines, the Congress has decreed that a person who provides substantial assistance to the government deserves to be treated more leniently because of his efforts. According to §5K1.1 "The appropriate reduction shall be determined by the Court for reasons stated that may include, but are not limited to, consideration of the following:

  (1) The court's evaluation of the significance and usefulness of the defendant's assistance;
  (2) The truthfulness, completeness, and reliability of any information or testimony provided by the defendant;
  (3) The nature and extent of the defendant's assistance;
  (4) Any injury suffered to the defendant or his family resulting from his assistance;
  (5) The timeliness of the defendant's assistance."

Mr. Perez-Mendoza excels in each of the above categories and therefore he deserves the highest credit and consideration under all of these criteria. As stated above, and in the government's sentencing memo, the defendant's cooperation was immediate and extensive. The agents indicated that it was truthful, complete and reliable. The persons against whom Mr. Perez-Mendoza has provided assistance are very dangerous and he was at considerable risk as his identity as an informant becomes known. In addition he has been and remains willing to testify the event he is so required by United States.

**B. Guideline Considerations: Offense Level Increase Under U.S.S.G. § 2L1.2(b)(1).**

Defendant Perez-Mendoza submits that he is not subject to a 16 level increase of his offense level pursuant to USSG 2l1.2(b)(1) (A) because he was not convicted of a crime of violence. He was convicted in Maryland of two counts of "Second Degree Assault" which is a misdemeanor codification of common law simple assault.

4

<u>Md. CR</u> <u>MINAL LAW</u> Code Ann. § 3-203. Assault in the second degree

(a) Prohibited. -- A person may not commit an assault.

(b) Penalty. -- Except as provided in subsection (c) of this section, a person who violates subsection (a) of this section is guilty of the misdemeanor of assault in the second degree and on conviction is subject to imprisonment not exceeding 10 years or a fine not exceeding $ 2,500 or both.

<u>Md. CR</u> <u>MINAL LAW</u> Code Ann. § 3-201         Definitions:

(b) Assault. -- "Assault" means the crimes of assault, battery, and assault and battery, which retain their judicially determined meanings…This subsection is new language derived without substantive change from former Art. 27, § 12(b).

" Because Maryland recognizes common law crimes, no statute defines their elements. But the Maryland case law fully articulates them. As recognized in Maryland common law, **an assault is an attempted battery or an intentional placing of a victim in reasonable apprehension of an imminent battery.** See *Lamb v. State*, 93 Md. App. 422, 441, 613 A.2d 402 (Md. Ct. Spec. App. 1992)" *United States v. Kirksey, 138 F.3d 120, 125 (4th Cir. 1998)*. To analyze whether the defendant's prior conviction fits within that definition of crime of violence, the Court "must look only to the statutory definition [of the crime for which he has been convicted], not to the underlying facts or evidence presented." *United States v. Mathis*, 295 U.S. App. D.C. 296, 963 F.2d 399, 408 (D.C. Cir. 1992) (citing *Taylor v. United States,* 495 U.S. 575, 602, 110 S. Ct. 2143, 109 L. Ed. 2d 607 (1990)). Thus, it must use a categorical approach, relying only on (1) the fact of conviction and (2) the definition of the prior offense. See *United States v. Wilson*, 951 F.2d 586, 588 (4th Cir. 1991); cf. Taylor v. United States, 495 U.S. 575, 600, 602, 109 L. Ed. 2d 607, 110 S. Ct. 2143 (1990) (applying same approach to armed career offender status under 18 U.S.C. § 924(e)). Here the definition of Assault under Maryland law is clear that **an assault is an attempted battery or an intentional placing of a victim in reasonable apprehension of an imminent battery.** See *Lamb v. State*, 93 Md. App. 422, 441, 613 A.2d 402 (Md. Ct. Spec. App. 1992)" *United States v. Kirksey, 138 F.3d 120, 125 (4th Cir. 1998)*. No physical force is necessary to obtain a conviction and therefore the inquiry stops there and simple assault is not a crime of violence.

Under this categorical approach, only if the statutory definition itself does not yield an obvious answer, for example, where it covers both violent and non-violent crimes, the Court then can look to "the charging paper and jury instructions" to determine whether a jury was required to find elements supporting the determination that the prior conviction was a crime of violence. Taylor, 495 U.S. at 602; see also *Shepard v. United States*, 544 U.S. 13, 26, 125 S. Ct. 1254, 161 L. Ed. 2d 205 (2005).*United States v. Andrews, 375 U.S. App. D.C. 247 (D.C. Cir. 2007)*. While the law allows review of the charging documents where the statute is ambiguous, the recent decision of the Supreme Court in *Shepard v. United States*, 544 U.S. 13, 125 S. Ct. 1254, 161 L. Ed. 2d 205 (2005), held that a court could not consider police reports and a charge application in determining whether a prior Massachusetts conviction constituted a predicate felony under the ACCA. See Shepard, 125 S. Ct. at 1257. The Court reiterated its holding from Taylor that in determining the character of a prior conviction resulting from a jury verdict, courts may consider "charging documents filed in the court of conviction, or … recorded judicial acts of that court limiting convictions to the … category [at issue], as in giving instruction to the jury." Id. at 1259.
And, the Court held that Taylor's reasoning applied as well in cases in which the prior convictions were obtained by bench trial or guilty plea. See id. The Court found no justification for extending the Taylor rule to allow consideration of "documents submitted to lower courts even prior to charges," such as the police reports and charge application there at issue. Id. at 1260. To do so, the Court reasoned, would undermine "the Taylor conclusion, that respect for congressional intent and avoidance of collateral trials require that evidence … be confined to records of the convicting court approaching the certainty of the record of conviction …." Id. at 1261. *United States v. Simms, 441 F.3d 313, 316 (4th Cir. 2006)*.  Therefore the Probation Officer's and the Government's reliance on factual statements from the statement of charges is misplaced and inappropriate.

Because Second Degree Assault is not one of the listed crimes defined in USSG 2L1.2 Commentary (B)(iii) the first prong of the Guidelines' definition of "crime of violence"-and the use, attempted use or threatened use of physical force against the person of another -is not a necessary element of Second Degree Assault , then the defendant's crime of conviction is not a crime of violence.  Therefore he is subject to the 8 level increase rather than the 16. See attached Exhibit A: Court printout statement of charges of conviction in CT990854X; Factual statement by defendant's counsel in a signed pleading.

Where an alien pleaded guilty to the prior offense, the Fifth Circuit authorized the consideration of documents like the "'charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented.'" *Omari v. Gonzales*, 419 F.3d 303, 308 (5th Cir. 2005) (quoting *Shepard v. United States*, 544 U.S. 13, 16, 125 S. Ct. 1254, 161 L. Ed. 2d 205 (2005)). However, if the documents presented are "insufficient to establish that the petitioner was necessarily convicted of a crime of violence, we must find that 'the government has not met its burden of proving that the conduct for which the petitioner was convicted constitutes a predicate offense." *Larin-Ulloa*, 462 F.3d at 464 [*9] (quoting *Tokatly v. Ashcroft*, 371 F.3d 613, 620 (9th Cir. 2004)).

Where the presentence report for the defendant's prior Maryland United States District Court case, # DKC-02-0523, called for the 16 level increase and asked the Court to resolve the issue, the Maryland United States District Court resolved the issue in favor of the defendant as the sentence imposed was 18 months which is the lowest range in level 13 criminal history category 3. The guideline range for level 21 requested by the probation report would have been 46 to 57 months. As the guidelines were mandatory at that time and no departure memoranda were included in the sentencing documents, it must be concluded that the Maryland United States District Court interpreted its laws in accordance with the view that the Second degree assault convictions were not "crimes of violence" for purposes of 2L1.2. See Exhibit B, Sentencing Order DKC-02-0523. Wherefore we respectfully submit that the **Specific Offense Characteristic level increase must be +8** and not 16. U.S.S.G. 2l1.2(b)(C).

The appropriate Guideline calculation, in light of the above, is as follows:

- **Base Offense Level**                                                                 8
- **Specific Offense Characteristic**                                                   +8
- **Adjustment for Acceptance of Responsibility 3E1.1**                                 -3
- **Adjusted Offense level**                                                            13
- **Departure for Substantial Assistance**                                    ?

**Total Offense Level**                                                       ?

**Guideline Range for Level 13 Criminal History Category IV**                 **24-30 Months**

### C. United States Code 18 § 3553 (b) Considerations:

As the court is aware, Title 18 Section 3553 (b) of the United States Code sets forth the factors to be considered in imposing a sentence. "The Court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph 2 of this subsection. The court, in determining the particular sentence to be imposed shall consider:

(1) the nature and circumstances of the offense and the history of the defendant;
(2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
    (a)    to afford adequate deterrence to criminal conduct
    (b)    to protect the public from further crimes of the defendant; and
    (c)    to provide the defendant with the needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

In Mr. Perez-Mendoza's case, he has clearly recognized the seriousness of the offenses and has a new appreciation and respect for the laws of the United States. He knows that he must return and stay in Mexico. He has found a place to live with his Uncle Tomas in Iztapalapa, Mexico He has been punished by a number of factors since his initial confrontation with law enforcement. He has been incarcerated for almost 3 years. He has missed two important years of his son's childhood. There is adequate deterrence against further crimes in his impending deportation, the time already served and the imposition of a sentence of supervised release. Mr. Perez-Mendoza's earlier disassociation with the drug trade and his cooperation with the government, is evidence that he will stay away from future criminal conduct. His cooperation with the government indicates on which side of the law Mr. Perez-Mendoza wants to be. We therefore submit that returning Mr. Perez-Mendoza to his native country as soon as possible most appropriately serves the goals of the statute.

### V. The Defendant's Sentencing Requests.

Mr. Perez-Mendoza has requested that the Court sentence him to time served, at this point 35 months, plus a period of supervised release. Mr. Perez-Mendoza submits that the fact that he

8

will remain in custody for an additional period of time following his completion of the sentence to await deportation, usually estimated to be 3to 6 months, and his ineligibility for halfway house placement, warrants consideration of a further variance from the Guidelines.

### VI.  Conclusion

In conclusion, Mr. Perez-Mendoza submits that the above combination of factors converge to demonstrate his diminished probability of recidivism and support the requested sentence as the most reasonable sentence in this case. Wherefore, it is respectfully requested that the above recommendations be adopted by the Court.

Respectfully Submitted,

_____
Joanne Roney Hepworth
Hepworth & Pendry
601 Pennsylvania Ave, NW
Suite 900
Washington, DC 20001
(202) 789-0037
Fax 301-320-3948

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing motion was served by Email and 0telefax on all parties on this 24th day of January, 2008.

_____
Joanne R. Hepworth